UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

KAREN MICHELLE PERRY,

Defendant.

CR NO. 05-203 (JMF)

FILED
JUN 1 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On two occasions, February 18, 2005 and March 30, 2005, the police searched the premises at Apartment 103, 2714 Wade Road, SE, Washington, D.C., under warrants secured from the Superior Court. The defendant is the leaseholder of the premises, currently resides there, and was present at the time of the search.

2. On the first occasion, the police seized more than 20 grams of crack cocaine, more than 20 grams of marijuana, and several bags of heroin, as well as a 40-caliber gun with six (6) bullets. In addition, the police found seven (7) ziplock bags of heroin in defendant's shirt pocket. On the second occasion, the police seized crack cocaine as well as several ziplock bags of heroin.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community

       ties;

    b.    Past conduct, history relating to drug or alcohol abuse;

    c.    Criminal history;

    d.    Record concerning appearance at court proceedings;

    e.    Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.    The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The crimes with which defendant is charged are not crimes of violence but they involve the possession of narcotic drugs.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is currently unemployed. She is a lifelong District of Columbia resident as well as a mother and grandmother, responsible for the care of one grandchild.

**The weight of the evidence.** The weight of the evidence is strong. Police retrieved the drugs from defendant's home and her person. Police also retrieved a loaded 40-caliber gun.

**History relating to drug or alcohol abuse.** The defendant indicates drug use within the

3

past 30 days.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** On September 9, 2003, the defendant was convicted in Virginia of petit larceny. The defendant received a six-month sentence with five months suspended and unsupervised probation.

On June 7, 2004, the defendant was convicted in Virginia of possession of a controlled substance. The defendant received a five-year suspended sentence and three years of supervised probation. The defendant is currently in absconder status for this charge.

Following her arrest on the charges that resulted from the first search, defendant was bailed and released in the Superior Court. She violated the terms of that release by failing to verify her address within 24 hours, failing to make five weekly check-ins, and testing positive for drug use on three separate occasions.

Most significantly, the search in February, 2005, yielded drugs and a gun. While the defendant was on pre-trial release in that case, a second search of her home in March, 2005 produced more drugs. Thus, defendant engaged in the very recidivism that renders her dangerous. To make it worse, both searches and the charges they produced occurred while the defendant was in absconder status from still another drug charge. It would be hard to imagine how the defendant could be any more contemptuous of the conditions of her release.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The defendant committed one crime while on probation and then committed a second while on pre-trial release and probation. She is an absconder from her

probation and violated the conditions of her release imposed by the Superior Court. One would have to be an awful fool to trust her word now.

I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

June 14, 2005