UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-203-02 (PLF) |
| | : | |
| v | : | |
| | : | |
| KAREN PERRY | : | |

GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a twelve-count indictment with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), two counts of Unlawful Possession with Intent to Distribute Cocaine Base within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), two counts of Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), two counts of Unlawful Possession with Intent to Distribute Heroin within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18, U.S.C. § 922(g)(1), two counts of Simple

Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a), and Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

These charges stem from two search warrants which were executed at xxxx xxxx xxxxx xxx xxxxx Washington, DC. The Metropolitan Police Department ("MPD") executed the first search warrant on February 18, 2005, and the second search warrant on March 30, 2005.

February 18, 2005 Search Warrant

On February 18, 2005, MPD officers executed a search warrant at xxxx xxxxx xxxxx xxx xxxxx Washington, DC. Upon entering the apartment, the officers observed defendant Perry in the living room area. The officers recovered from Perry's shirt pocket 7 "playboy" zip-locks of white powder which tested positive for opiates. Recovered from the kitchen area were two purses containing Perry's mail, identification, and $497. The following items were also recovered from the kitchen: 1 black plastic bag containing approximately 13.2 grams of loose green weed which tested positive for THC, 1 white plastic bag containing approximately 11.5 grams of loose green weed which tested positive for THC, 1 green bag containing a digital scale with white powder residue which tested positive for opiates, 2 pyrex bowls with white residue which tested positive for opiates, 1 mirror with white residue and small white rock-like substance which tested positive for opiates, 1 green zip-lock containing white residue which tested positive for opiates, and personal papers, including Perry's lease agreement.

Co-defendant Thurman Simpson was located in the bathroom. A sandwich bag containing approximately 29.5 grams of a white rock-like substance which tested positive for cocaine base and a sandwich bag containing empty green "playboy" zip-locks were recovered

from Simpson's shirt pocket. (The shirt was hanging on the doorknob inside the bathroom.) $303 and 14 green "playboy" zips filled with a white powder substance which tested positive for opiates were recovered from Simpson's pants. Recovered from a hallway dresser drawer was a loaded Star .40 caliber handgun, an envelope containing Simpson's mail, and male clothing. Perry admitted to the officers that she was the lease holder of the apartment. Simpson and Perry told the officers that they were dating.

On March 30, 2005, MPD officers returned to xxxx xxxx xxxxx xxx xxxxx Washington, DC. The officers entered the location and secured the occupants, including Perry and co-defendant Simpson. Recovered from Simpson's pants pocket was $524.00 and empty zip-lock bags. An MPD officer recovered $20.00 from Perry's right hand and $45.00 from her bra. During a search of the apartment, the officers recovered the following items from inside the kitchen cabinet: 1 dinner plate with white residue, approximately 11 loose white rocks which tested positive for cocaine, 1 pink zip-lock of white powder which tested positive for heroin, 1 razor blade with white residue, 1 silver utensil with white residue, 1 drinking straw with white residue, a Tylenol bottle containing 3 oxycodone pills and numerous other pills, numerous empty zip-lock bags and a zip-lock containing assorted pills. Also recovered was $62.00 from the kitchen drawer and $20.00 from Perry's right shoe. Defendants Perry and Simpson admitted that they lived at xxxx xxxx xxxxx xxx xxxx, Washington, DC.

## **OTHER CRIMES AND BAD ACTS EVIDENCE**

The government seeks to introduce evidence of the facts and circumstances surrounding the defendant's previous drug related convictions and/or arrests. On January 9, 2004, the defendant was found guilty and sentenced for Possession of a Controlled and Dangerous

Substance in case number GC03103875-00 in Fairfax County, Virginia.[1]

Furthermore, on June 7, 2004, the defendant was charged with Possession of a Controlled and Dangerous Substance in case number GC03103875-00 in Fairfax County, Virginia. On January 9, 2004, the defendant came to court for a sentencing event, after which she was brought to the Fairfax County Adult Detention Center. During a standard search of the defendant's person, the deputy observed a suspicious looking object in the defendant's vagina. When confronted, the defendant said she had a bag and a straw, that the residue was heroin, and that she had "used before the Court." The defendant also said that she used approximately 10 bags a day, and had only one that day.

The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

## Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In

---

[1] At present, the exact sentence and factual information for this prior conviction are unknown. The government will supplement with additional information once it becomes available.

short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989.  See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes.  Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. t 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted).  In the instant case, among other things, the government must prove that the defendants constructively possessed the cocaine found under the hubcap and in the car, with the intent to distribute it.  The "other crimes" evidence of defendants' previous possession of cocaine, with the intent to distribute it, his highly probative of the defendants' knowing and intentional possession of the cocaine in this case.  It also shows that the defendants' possession of the cocaine was not the result of mistake or accident.  As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." Crowder, 141 F.3d at 1209, n.5 (en banc).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to

---

conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

distribute crack cocaine);  Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

Catherine K. Connelly
Assistant United States Attorney
Narcotics Section, Mass.  Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, James Beane, this 29th day of June, 2005.

_____
Catherine Connelly
Assistant United States Attorney