Copies: Judge
AUSA – Special Proceedings
Dft.

Let this be filed
WJE
3/4/08

IN THE UNITED STATES DISTRICT COURT FOR THE
United States DISTRICT OF Columbia
District DIVISION

Motion under Title 18 U.S.C. §3582 (c) (2) and U.S. Sentencing Guidelines §1b1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base

FILED
MAR - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Karen Perry,
    Petitioner,

Vs.                                  Criminal Case No. CR-05-203-02

United States of America.

COMES NOW, the Petitioner, Karen Perry, acting on her own behalf and REQUESTS this Honorable Court to use its discretion and GRANT her the relief provided in the 2007 Guideline Amendment Nine. Amendment Nine modified the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine (cocaine base) offenses, base offense levels corresponding to guideline ranges that include the statutory minimum penalties.

    Accordingly, pursuant to the amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category of I, which includes the five-year (60 month) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offense. The base offense levels for 5 grams and 50 grams of cocaine base were levels 26 and 32, respectively, before Amendment Nine. Cocaine base offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels.

    Based on the following information, Petitioner qualifies for the two level reduction in her sentence and REQUESTS that relief be granted:



1. Date of conviction (whether by guilty plea or trial) _February 18, 2005_

2. Date of sentencing (the last time you were sentenced, if you were re-sentenced)
   _January 20, 2006_

3. Did cocaine base alone cause your Base Offense Level (BOL) to be greater than level 12?

   If no, Amendment Nine does not apply to you. If "Yes" or "Don't know", proceed with this motion.

4. List the level that your sentence was based and the count related to the level.

   Level _28_ for count(s) _(1) intent to distribute, 5 grams or more cocaine base_

   Level _____ for count(s) _____

   Level _____ for count(s) _____

   (If you received more than one sentence and the sentences are different use additional lines)

5. What was your Criminal History Category? (Circle One)

   I    II    (III)    IV    V    VI

6. What was your sentencing rage and sentence before Amendment Nine?

   Sentencing range _60 months_. I received a sentence of _72 months_ for count _(1)_. If applicable, write in any other sentences you received for cocaine base that is different from the sentence you listed.

7. What is your offense level and sentencing range after a two-level reduction base on Amendment Nine?

   Level _26_ Sentencing range _36 months to 60 m_ Count(s) _(1)_

   If more than one sentence that is different from the one above (drug sentences only).

   Level _____ Sentencing range _____ Count(s) _____

   Level _____ Sentencing range _____ Count(s) _____

8. Petitioner's projected release date at this time is _____

   Petitioner respectfully requests to be sentenced at the bottom of her new sentencing range.

   Respectfully submitted this _25_ day of _February_, 200_8_.

   Signature of Petitioner _Karen Perry_
   Typed Name of Petitioner _Karen Perry_
   Register Number _28146 016_
   Address of Petitioner _Federal Prison Camp B3_
   _Box A_
   _Alderson WV 24910_

Karen Perry 28146-016 B3
Federal Prison Camp
Box A
Alderson WV. 24910

FEB 28 2008

United States Court
for the District of Columbia
Chambers of Judge Paul L. Friedman
333 Constitution Ave., N.W.
Washington, D.C. 20001

20001$2802 C002