FILED
AUG - 2 2011
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>v. )<br>)<br>KAREN M. PERRY, )<br>      Defendant. )<br>_____ ) | CR. No. 05-00203-02 (PLF)(AK) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Paul L. Friedman for a Hearing on Violation of Defendant's Supervised Release and a Report and Recommendation.

### Background

On January 20, 2006, the Defendant, Karen Perry, was sentenced to 72 months imprisonment to be followed by 48 months supervised release, following her conviction for Unlawful Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(iii). In addition to a $100 special assessment, the trial court imposed the following conditions:

- drug aftercare; and

- vocational/educational training.

On January 23, 2009, the trial court amended the Defendant's sentence by reducing the period of imprisonment to 60 months. Supervision began on October 14, 2009, and is scheduled to terminate on October 13, 2013.

By Memorandum to the trial court dated April 29, 2011, the Probation Officer noted two

violations of Ms. Perry's supervised release. On February 9 and 25, 2011, the Defendant tested positive for cocaine and heroin and on March 17, 23, and 28, 2011, she tested positive for use of cocaine.

The second violation was for Defendant's failure to comply with drug testing on March 1 and 19, 2011 and April 7, 15, and 25, 2011. She also failed to report for outpatient treatment on March 8, 10, and 29, 2011, and on April 7 and 28, 2011.

## Hearing on Violation of Supervised Release

A hearing on the Defendant's alleged violations of her supervised release was held by the undersigned on May 16, 2011. Ms. Perry was represented by counsel. At the hearing on violation, the Probation Officer stated on the record the violations set forth in the Memorandum to the trial court dated April 29, 2011. The Probation Officer also noted that Ms. Perry had completed her in-patient treatment and was discharged; however, she failed to attend outpatient counseling. The Defendant, through counsel, conceded the violations set forth in the Form 12 Request for Course of Action.

In light of the Defendant's acknowledgment of the alleged violations, the Court finds by a preponderance of the evidence that Ms. Perry failed to comply with the conditions of her supervised release.

## Recommendation

Because of Ms. Perry's five positive tests for use of heroin and cocaine, coupled with her failure to comply with drug testing five times between March 1 and April 25, 2011 and her failure to report for outpatient treatment five times between March 8 and April 28, 2011, the Probation Officer recommended that the trial court modify the conditions of Defendant's supervision to

include placement in a halfway house for a period of 180 days. The Government concurred with the recommendation of the Probation Office and the Defendant, through counsel, offered no objection to the recommendation made by the Probation Officer.

The Probation Officer stated in his Memorandum dated April 29, 2011 that Ms. Perry resides with her daughter in Southeast Washington, D.C., that Ms. Perry was at that time unemployed, and she has paid her special assessment and submitted her DNA samples. While Ms. Perry has been afforded a number of opportunities to participate in drug treatment during supervision, she continues to abuse illegal substances. Between November of 2009 and October of 2010, she tested positive for cocaine or heroin on twelve occasions. As a result of that noncompliance, she was directed to participate in detoxification and inpatient treatment from October 20, 2010 to January 25, 2011.

Following Defendant's completion of her residential inpatient treatment, she was referred to individual counseling and put on Suboxone maintenance. Defendant failed to comply with her individual counseling and was unsuccessfully discharged from the Suboxone program in March 2011.

Ms. Perry is currently required to participate in group counseling twice a week and to comply with random drug testing at the Comprehensive Community Health and Psychological Services Program. According to the Probation Officer, the Defendant fails to comply with aftercare and makes excuses for noncompliance. She fails to accept any responsibility for her actions and appears to display a lack of effort to adhere to her treatment.

The undersigned also concurs with the recommendation and if the trial court concurs with the Probation Office and directs that Ms. Perry serve a period of 180 days in a community

corrections center, the undersigned will undertake to require that Ms. Perry report once a month before the undersigned for purposes of closely monitoring both her drug tests and her attendance for outpatient therapy.

## Options Available to the Trial Court

The two violations constitute a Grade C violation. U.S.S.G. §7B1.1(a)(3). The Criminal History Category is III. The recommended Guideline range is a minimum of five to a maximum of 11 months. U.S.S.G. §7B1.4(a). Upon a finding of a Grade C violation, the trial court may revoke supervised release; or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. §7B1.3(a)(2). The statutory provision for imprisonment would be a maximum term of 36 months for a Class B felony.

If the trial court concurs in the recommendation of the Probation Office and the Government, the trial court should so indicate below.

DATED: July 1, 2011

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

SEEN AND APPROVED:

DATED: 8/1/11

_____
HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT COURT JUDGE